JUDGMENT ENTRY
This cause is an accelerated appeal from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, transferring custody of Kayla and Darrin, Jr. from defendant-appellant, Ila Mae Wetter, to plaintiff-appellee, Darrin Wilson.
Appellant and appellee were married in 1986 and divorced in 1991. Kayla and Darrin, Jr. are the two children born of the marriage. In September 1999, appellant moved to Independence, Kentucky. Appellee lives in Prescott, Michigan. Both children resided with appellant until August 2000 when appellee took custody of Darrin Jr. by agreement with appellant because Darrin Jr. was having authority problems, discipline problems and problems at school. Kayla remained with appellant.
Appellee filed a motion for allocation of parental rights and responsibilities on October 19, 2000. Appellee believes that both children should live together and he wished to have the opportunity to parent both children. Appellant believes that separating Kayla from her half-siblings would be detrimental to Kayla and wishes for Kayla to reside in Independence. The magistrate issued a decision finding a change of circumstance on December 26, 2000. On October 4, 2001, the domestic relations court determined that it would be in Kayla's and Darrin Jr.'s best interest to reside with their father in Prescott, Michigan. Appellant appeals raising three assignments of error.
Appellant's first assignment of error argues that the domestic relations court erred in changing the residential parent for Kayla. Absent an abuse of discretion, an appellate court will not reverse a trial court's decision in custody proceedings. See Sallee v. Sallee
(2001), 142 Ohio App.3d 366, 369, citing, Davis v. Flickinger,77 Ohio St.3d 415, 418, 1997-Ohio-260. The domestic relations court properly applied the statutory factors specified in R.C. 3109.04 when it found that "it is in the best interest of Darrin [Jr.] and Kayla for Mr. Wilson to be named their residential parent."
In reaching that decision, the domestic relations court specifically considered in camera interviews conducted with both Kayla and Darrin, Jr. The domestic court also considered the relationship of Kayla and Darrin, Jr. to each other and to appellant's boyfriends, and the fact that the relationship between Darrin Jr. and appellant was "strained." The domestic relations court considered the living arrangements of appellant and appellee. Kayla and Darrin, Jr. each have their own bedroom at appellee's house. In appellant's house Kayla and Darrin, Jr. both share their room with half-siblings. Furthermore, the domestic relations court considered that appellant found unidentified pills in Kayla's pockets, that Kayla was prohibited from answering the phone when the caller I.D. identified the phone call as coming from appellee, and that appellant's extended family resides in Michigan. We find that the decision of the domestic relations court was not arbitrary, unreasonable or unconscionable and there was no abuse of discretion by changing the residential parent of Kayla. See Blakemore v. Blakemore (1983), Ohio St.3d 217, 219. Therefore, appellant's first assignment of error is overruled.
Appellant's second assignment of error argues the domestic relations court did not consider the shared parenting plan submitted by appellant. R.C. 3109.04 (D)(1)(b) states, "[i]f the court does not determine that any filed plan * * * is in the best interest of the children, the court shall not approve any plan." The court considered whether "the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." The court did not approve the plan submitted by appellant, which called for Kayla to remain with appellant, because the trial court found that "the advantages of the change in environment for both Kayla and Darrin Jr. outweighs any harm to be caused by the change." Therefore, the trial court found that the change in environment "is in the best interest of Darrin [Jr.] and Kayla" and named appellee their residential parent. The domestic relations court implicitly considered the shared parenting plan in its decision and did not abuse its discretion. Therefore, appellant's second assignment of error is overruled.
Appellant's third assignment of error argues that the domestic relations court delegated the determination whether the order should have immediate effect or whether it should be an interim order to the magistrate. A clerical error prevented the order from being properly designated as an interim order. The clerical error was corrected and the order was then properly designated. The magistrate did not make the determination and did not issue the decision since the decision was properly adopted and validly issued by the court pursuant to Civ.R. 53. Therefore, the domestic relations court did not delegate to the magistrate the determination of whether the order should have immediate effect or whether it should be an interim order. The third assignment of error is overruled.
Upon consideration of the foregoing, the trial court's decision is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, and Anthony Valen, Judge, concur.